OPINION OF THE COURT RECORD OF PROCEEDINGS

DARELL R. MATLOCK, JR., Chief Justice.
1. The Petitioners, Dennis Jay Hannah and Ralph F. Keen, Jr., on March 7, 2005 filed their petition for Declaratory Judgment by the Court, for determination of the legal status of the amendment to the Cherokee Nation Constitution of 1975, Article XV, Section Ten (10), and, whether the Cherokee Nation Constitution of 1999 is now the organic document of the Cherokee Nation Government, and, to establish a timetable for the implementation of the provisions of the Cherokee Nation Constitution of 1999.
2. Notice was given to the Respondents on March 8, 2005.
3. David Cornsilk filed a motion to intervene and motion to dismiss the petition on March 14, 2005, and, subsequently on November 10, 2005 withdrew his motion to intervene and motion to dismiss the petition.
4. The Respondent, Principal Chief Chadwick Smith, on March 23, 2005 filed a motion to stay the proceedings for 45 days which was granted by the Court on March 29, 2005.
5. The Respondent, Council of the Cherokee Nation filed their response on March 24, 2005.
6. The Respondent, Chadwick Smith, Principal Chief, filed a second motion to stay the proceedings on August 15, 2005 which was subsequently denied by the Court on September 7, 2005.
7. Respondent, Jeanette Hanna, Regional Director of the Bureau of Indian Affairs has failed to respond to the petition filed herein.
8. The Petitioners filed their motion for summary judgment on March 6, 2006 and served the motion on Respondents Chadwick Smith, Principal Chief, by General Counsel Diane Hammons, and, Respondent, Cherokee Nation Council, by their attorney Todd Hembree on April 7, 2006.
9. That neither the Principal Chief, Chadwick Smith or the Council of the Cherokee Nation has responded to the Petitioners’ motion for summary judgment.

FINDINGS

The Court has jurisdiction to determine the issues presented herein pursuant to Article VIII of the Cherokee Nation Constitution of 1999, and, the Petitioners’ motion for summary judgment is considered under Rule 44 of the Rules and Procedures of the Judicial Appeals Tribunal (Supreme Court).
Proper notice of these proceedings has been given to the Principal Chief, Chadwick Smith, the Council of the Cherokee Nation and the United States of America by its Representative, Jeanette Hanna, Regional Director of the Bureau of Indian Affairs.
*65 The Court finds there are no disputes of material facts and the material facts are determined as follows:
1. Article XV, Section Ten (10) of the Cherokee Nation Constitution of 1975 was a self imposed requirement that set forth:
“no amendment or new constitution shall become effective without the approval of the President of the United States or his authorized representative”
2. The people of the Cherokee Nation by their inherent sovereign power had the right to remove the self-imposed requirement of Article XV, Section Ten (10) of the Cherokee Nation Constitution of 1975.
3. The United States Government by and through its agent, the Assistant Secretary of Indian Affairs, Neal A. McCaleb, on April 23, 2002 via a letter addressed to the Principal Chief Chad Smith did state in part:
“We have no objection to the referendum as proposed and I am prepared to approve the amendment deleting the requirement for Federal approval of future amendments.”
4. Neal A. McCaleb executed an affidavit on April 4, 2006 which sets forth in part:
“In my capacity as Assistant Secretary, and on behalf of the Department of Interior, Bureau of Indian Affairs, it was my purposeful intentions that my correspondence of April 23, 2002, serve as full and final approval of the question, both as to form and Bureau policy and the same was approved under the requirements of Article XV Section 10 of the 1975 Cherokee Constitution for presentment to the Cherokee voters for their final approval or rejection at referendum election.”
5. The proposed removal of Article XV, Section Ten (10) of the 1975 Constitution of the Cherokee Nation was properly submitted to the Cherokee people on May 24, 2003, and, was approved by the Cherokee people by a vote of 7,107 in favor and 4,223 against.
6. The elections; of May 24, 2003 and of July 26, 2003 were had under the law of the Cherokee Nation Constitution of 1975.
7. The proposed 1999 Constitution of the Cherokee Nation was properly put to the Cherokee people on July 26, 2003 and the Cherokee people adopted the 1999 Constitution as the new Constitution of the Cherokee Nation by a vote of 3,622 in favor and 3,059 against.
8. The results of both the May 24, 2003 and the July 26, 2003 elections have been properly certified by the Cherokee Nation Election Commission on June 11, 2003 and August 7, 2003 respectively.
9. The Cherokee Nation Constitution of 1999 became the organic law of the Cherokee Nation on July 26, 2003 pursuant to Article XVIII of the Cherokee Nation Constitution of 1999.
10. The provisions of the 1999 Cherokee Nation Constitution overrule, supersede and repeal the provisions of the Cherokee Nation Constitution enacted the 6th day of September, 1839 and the provisions of the Constitution of the Cherokee Nation of 1975 enacted the 26th day of June, 1976. Article XVI of' the 1999 Constitution of the Cherokee Nation.
11. All actions taken by the three (3) separate branches of the government; Legislative, Executive and *66 Judicial on and after July 26, 2003 have been done under and should be in compliance with the constitutional authority granted to each of them under the Cherokee Nation Constitution of 1999.
12.The present state of the Judiciary in order to conform to the Cherokee Nation Constitution of 1999 is as follows:
(a) Seat Two (2) of the Supreme Court of the Cherokee Nation is held by Chief Justice, Darell R. Matlock, Jr., and his appointment in October of 2003 was to complete the term of office for Seat Two (2) which ends on December 31,2012.
(b) Seat Three (3) of the Supreme Court of the Cherokee Nation is held by Justice Darrell Dowty and his appointment in February of 2005 was to complete the term of office for Seat Three (3) which ends on December 31, 2014.
(c) In order to better implement the mandates of the Cherokee Nation Constitution of 1999, Justice Stacy L. Leeds, whose term under the 1975 Constitution of the Cherokee Nation and 20 CNCA 1985 § 33 would have expired on December 31, 2006, which is consistent with Seat Number Four (4) under the new Constitution, shall continue on the Supreme Court as Seat Four (4) under Article VIII, Section Two (2) of the 1999 Constitution.
(d) Seats One (1) and Five (5) shall be filled immediately as per. Article VIII of the Cherokee Nation Constitution of 1999.
(e) The Judges of the District Court shall continue to serve under the 1999 Constitution of the Cherokee Nation Article Three (3) until the Cherokee Nation Council passes legislation defining their respective terms and the procedure set forth in Article VIII, Section Three (3) of the Cherokee Nation Constitution of 1999 is completed.
(f> The Court Rules adopted by the Supreme Court under No. JAT-06-01 shall remain in full force and effect until further order of the Court.
(g) The Court Administrator, Lisa Fields, shall remain the Court Administrator pursuant to Article VIII Section Four (4) of the Cherokee Nation Constitution of 1999 until further order of the Court.
13. The present Cherokee Nation Council members were elected to office under the authority of the 1975 Cherokee Nation Constitution and before the 1999 Constitution was adopted by the people of the Cherokee Nation on July 26, 2003.
14. To fulfill the mandates under the Cherokee Nation Constitution of 1999 and in order to achieve a stable continuative governmental transition under the 1999 Constitution of the Cherokee Nation, the Council of the Cherokee Nation shall proceed as follows:
(a) The Council shall within 60 days of this decision select two at-large Council members to serve until the next regularly scheduled election pursuant to Article VI, Section Three (3) of the Cherokee Nation Constitution of 1999.
(b) The Council shall before the next regularly scheduled election establish a system of staggered terms for all seats on the Council to be organized into elections every two years. Atilde VI, Section Three (3) of the 1999 Cousditution of the Cherokee Nation.
(c) The Council shall in a timely manner proceed to put in place all that is mandated in the Cherokee Nation Constitution of 1999.
1. The Principal Chief and Deputy Chief were elected under the author *67 ity of the 1975 Constitution of the Cherokee Nation and before the 1999 Constitution of the Cherokee Nation was adopted by the people of the Cherokee Nation on July 26, 2003.
2. The Principal Chief of the Cherokee Nation shall in a timely manner put in place all mandates directed to the Executive branch by the Cherokee Nation Constitution of 1999.
IT IS THEREFORE ORDERED by the Court that the 1999 Constitution of the Cherokee Nation became effective on July 26, 2008.
IT IS FURTHER ORDERED by the Court that all the findings of the Court are the Court’s Orders.